# EXHIBIT A

THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

Select Language ▼  |  Español  |  Tiếng Việt  |  ਪੰਜਾਬੀ  |  简体中文  |  繁體中文

Log In

## DomainWeb
*your resource for case filing information*

**Buy Credits**
**0** Credit(s)



**Checkout (0 item(s))**

**DomainWeb**   **How This Site Works**   **FAQ**

## Case Details

**Case Number: RG20084610**        **Title: Saar VS Oakland Unified School District**

| Case Summary | Register of Action | Participants | Tentative Rulings |
| Future Hearings | Minutes |

| Date | Description | Pages | Price | | Select ☐ |
|------|-------------|-------|-------|--|--------|
| 3/4/2021 | Stipulation Re: Extension of Time to Respond to Complaint Filed for Oakland Unified School District | | | | |
| 2/9/2021 | Notice and Acknowledgment of Receipt Filed | 1 | $1.00 | Half Page Preview | ☐ |
| 2/1/2021 | Summons Issued and Filed | 1 | $1.00 | Half Page Preview | ☐ |
| 1/21/2021 | Order Appointing Guardian Ad Litem Filed | 2 | $2.00 | Half Page Preview | ☐ |
| 1/7/2021 | Notice of Assignment of Judge for All Purposes Issued | 4 | $4.00 | Half Page Preview | ☐ |
| 1/7/2021 | Initial Case Management Conference 08/16/2021 02:30 PM D- 22 | 2 | | View | |
| 12/23/2020 | Application Re: Appointment of Guardian Ad Litem Filed for M. S. | 2 | $2.00 | Half Page Preview | ☐ |

| Date | Description | Pages | Price | | Select |
|---|---|---|---|---|---|
| 12/23/2020 | Civil Case Cover Sheet Filed for Bonnie Saar | 3 | $3.00 | <u>Half Page Preview</u> | ☐ |
| 12/23/2020 | Complaint - Other PI/PD/WD Tort Filed | 15 | $10.00 | <u>Half Page Preview</u> | ☐ |

Page: 1 of 1

**Add Item(s) to buy**

**Back to Search Results**

# EXHIBIT B



COPY

FILE BY FAX

Michael L. Schrag (SBN 185832)
mls@classlawgroup.com
Steven M. Tindall (SBN 187862)
smt@classlawgroup.com
Linda Lam (SBN 301461)
lpl@classlawgroup.com
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

*Attorneys for Plaintiffs*

ENDORSED
FILED
ALAMEDA COUNTY

DEC 23 2020

CLERK OF THE SUPERIOR COURT
By
_____
Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| BONNIE SAAR and M.S., a minor and through his guardian ad litem BONNIE SAAR,<br><br>Plaintiffs,<br><br>v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. **RG20084610**<br><br>**COMPLAINT**<br><br>(1) Negligence<br>(2) Negligent Supervision<br>(3) Violation of the Americans with Disabilities Act<br>(4) Violation of § 504 of the Rehabilitation Act of 1973<br>(5) Violation of California Education Code Section 220<br>(6) Violation of the Unruh Civil Rights Act<br>(7) Intentional Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

DEC 23 2020

COMPLAINT

Plaintiffs Bonnie Saar and M.S., a minor by and through his guardian ad litem Bonnie Saar, alleges as follows:

## INTRODUCTION

1. Plaintiff M.S. is a thirteen-year-old middle school student with special needs. He was a student at Montera Middle School, which is a part of Defendant Oakland Unified School District (OUSD), during parts of 2019 and 2020. As a special education student who identifies as LGBTQ, M.S. is uniquely vulnerable to bullying and harassment. Montera had a well-established duty to supervise M.S.'s safety on campus but failed to do so despite having ample notice that his safety would be at risk without adequate supervision.

2. During M.S.'s short time at Montera, he experienced one instance of sexual harassment and two violent assaults by other students. The last assault left him beaten unconscious and caused M.S. to suffer a traumatic brain injury, post-concussion syndrome, and post-traumatic stress disorder, among other physical and emotional injuries.

3. As a result of Montera personnel's failure to take reasonable steps to protect M.S. and keep him safe on campus, M.S. has regressed developmentally and in his learning ability. He continues to experience the effects of his injuries, and his future has been irrevocably altered due to Montera's conduct.

## PARTIES

4. Plaintiff Bonnie Saar is a resident of Oakland, California. She brings this action on her own behalf and as a guardian ad litem for her son, M.S.

5. Plaintiff M.S. is a minor and resident of Oakland, California.

6. Defendant OUSD is a public entity duly incorporated and operating under California law as a school district. OUSD is a public entity subject to Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code §§ 11135 and 4450, *et seq*., and to all other legal requirements referred to in this complaint.

7. Plaintiffs have complied with the claim presentation requirements of the

California Government Tort Claims Act. Plaintiffs filed a claim with OUSD that was denied on July 13, 2020. Plaintiffs then appealed that denial to the California Department of Education on September 3, 2020.

## JURISDICTION AND VENUE

8.     The Court has jurisdiction over the subject matter of this action pursuant to Article VI, section 10 of the California Constitution and section 410.10 of the California Code of Civil Procedure.

9.     Venue is proper in this Court under Code of Civil Procedure section 395 because a substantial part of the conduct, events, and omissions giving rise to the violations of law giving rise to this lawsuit occurred in Alameda County.

## FACTUAL ALLEGATIONS

**M.S.'s Family and Educational Background**

10.     M.S. was born on June 11, 2007. He has been diagnosed with autism as well as mild articulation disorder, generalized anxiety, attention deficit hyperactivity disorder (ADHD), and Tourette's Syndrome. His disorders primarily affect his executive functioning (including his focus and attention) and ability to socialize with peers.

11.     Bonnie adopted M.S. as a single mother when he was six months old. Bonnie and M.S. lived in the Bay Area while M.S. was a young child but moved to Sacramento when he was ten years old. They lived there until February 2019, when they moved back to the Bay Area.

12.     Despite challenges from his diagnoses, M.S. enjoyed school and made steady academic progress every year. Before he started attending Montera, he was placed in a regular, mainstream classroom each year but received special education services and accommodations per his Individualized Education Plans (IEPs). M.S. was always interested in learning and was well-liked by his teachers. He was also recognized for his good citizenship as a student.

**M.S.'s First and Second Enrollment at Montera**

13.     M.S. first enrolled at Montera as a sixth-grade student in February 2019. Because M.S. had been a victim of bullying in the past, Bonnie inquired about the school's safety

COMPLAINT

measures before he started there. She was assured that there were security cameras placed on campus, and that there were several staff members dedicated to ensuring student safety.

14.   The Montera staff placed him in the Autism Spectrum Inclusion Program, even though he had always been in mainstream classes previously. Within a few weeks, it became clear that Montera lacked adequate resources for M.S. as a special education student.

15.   Due to Bonnie's concerns that M.S.'s special education needs were not being met, he only attended Montera for a few weeks during the 2018-2019 school year. Bonnie then enrolled him at a private school for a few months.

16.   Ultimately, Bonnie ended up having to re-enroll M.S. at Montera for the 2019-2020 school year. But Montera again failed to comply with his IEP throughout his second enrollment. He never once met with a school psychologist, and he didn't receive the counseling services he was supposed to have. He also had inconsistent support from classroom aides and staff.

17.   The Montera staff was generally negligent with respect to M.S.'s care. For example, in one instance, he was found standing alone outside and barking like a dog, when he should have been supervised in an after-school program. Another time, he went missing from one of his classes for 30 minutes.

18.   One student frequently pushed M.S. during lunch, but the Montera staff who saw it did nothing to prevent it from happening the next day. Students bullied M.S. for his disabilities by calling him a "sp-ed kid" or "retarded." He was also called a "f*g" by a student who bullied him for identifying as LGBTQ.

19.   One Montera staff member, Ms. Littlebird, verbally harassed M.S. by asking him "what's your malfunction?" in reference to his disabilities.

**The August 2019 Bullying Incident**

20.   During his first weeks back at Montera, M.S. immediately started witnessing student behavior that caused him to feel unsafe at school. He saw students around him using drugs, punching each other, and insulting other special education students. Some students directed their insults at M.S., swearing at him and mocking his disabilities as well as the fact

that he identifies as LGBTQ.

21.   M.S. reported most of these incidents to Montera's principal, Darren Avent, and/or other staff, but did not see any staff intervene in the students' behavior.

22.   After lunch on August 20, 2019, M.S. came across a student, D., punching another student behind the sixth-grade alley. M.S. told D. to "stop that." D. then came over to M.S., started swearing, and swung his arm and fist at M.S.'s face. M.S. was able to turn his head to avoid the hit but bit his tongue and lip as a result. He sustained a tongue and lip laceration.

23.   Bonnie notified a Montera teacher about this incident on the same day. The incident caused M.S. to feel unsafe at school. He lived in fear of being beaten up by a fellow student. He started having trouble sleeping and hearing voices related to his fear of someone being violent towards him again.

**The Sexual Assault on the Montera AC Transit School Bus Line**

24.   M.S. was again assaulted on December 16, 2019. That afternoon, he was riding AC Transit School Bus Line 677. During the ride, a student, S., walked to M.S.'s row, sat on M.S.'s lap facing away from him, and began grinding himself on M.S.'s lap. S. kept saying in a sexual manner "Oh Daddy, Oh Daddy, Oh Daddy" as M.S. tried to push him off. Two other students tried to push S. off M.S. but were unable to do so. S. continued until M.S. managed to extricate himself and exit the bus, at which time S. said "I love you" to him.

25.   The incident left M.S. in shock. The next afternoon, when it was time to board the bus, he had an anxiety attack and wasn't able to board the bus. One of his teachers intervened and took him to Principal Avent's office, where he reported the incident.

26.   Mr. Avent e-mailed Bonnie saying he notified AC Transit about the incident. However, when Bonnie contacted AC Transit herself, it had no records of Mr. Avent reporting what happened to M.S. that day.

27.   Mr. Avent later e-mailed Bonnie stating he had reported the incident to a deputy at the Alameda County Sheriff's Office, but when Bonnie called the Sheriff's Office herself, that deputy (as well as a sergeant and supervising lieutenant) stated they never received a

report from Mr. Avent about the incident. As a result, AC Transit erased any video footage it had of that ride.

**In February 2020, M.S. Was Choked and Beaten Unconscious at School**

28.    Despite Montera's notice of the bullying and assaults M.S. was experiencing, the school did nothing to stop it. Its continued disregard for his safety resulted in a third, and more violent and damaging, assault on February 19, 2020. Before that day, M.S. had been spending lunchtime in a classroom with a teacher because he felt unsafe eating where the other students sat. But on February 19, the Montera staff decided to allow M.S. to eat lunch with the other students. A teacher had checked on him while he was eating in the cafeteria, but he then had no supervision after he finished eating and went out to the yard. The Montera staff therefore knew he needed supervision, but left him alone in the yard where he was most vulnerable to harassment from other students.

29.    During lunchtime that day, M.S. was approached by several students who told him that another student, B., was acting erratically. When M.S. saw B., he approached B. and asked, "B., are you ok?" B. then snapped and suddenly began choking M.S. Montera personnel failed to intervene.

30.    After B. released M.S. from the choke-hold, M.S. again asked, "B., are you ok? Do you need help?" B. then snapped again, grabbed M.S. around the front of his neck, and hit him on the back of the head three times. M.S. ended up falling to the ground and lost consciousness. Four other students witnessed the incident.

31.     No Montera staff realized that M.S. had been beaten to the ground. When M.S. was able to regain consciousness, he stood up and went to Mr. Smith's office. Mr. Smith then went to where B. was, and left M.S. alone. M.S. then stumbled to a different teacher's classroom, and a teacher finally took him to the school office.

32.    When Bonnie found out, she immediately picked him up and took him to the emergency room. There, he was diagnosed with a concussion and put on a 24-48 hour watch. The hospital filed a suspicious injury report. A report with the Oakland Police Department was also filed later that evening.

33.     While it failed to protect M.S., Montera staff was well-aware of the threat B. imposed to student safety before he assaulted M.S. A couple weeks before the attack, B. threatened to go home, get a gun, and come back to the school to shoot people. Despite the seriousness of this threat, B. was only suspended for a few days.

34.     M.S. suffered serious injuries in this attack: physicians at Kaiser Hospital in Oakland diagnosed him with post-concussion syndrome and a traumatic brain injury. His symptoms included double vision, nausea, shaking in the night, stuttering and stammering until he became momentarily mute, hypervigilance, physical and mental fatigue, and difficulty balancing while walking up and down stairs.

35.     On February 24, 2020, Bonnie spoke to Principal Avent on the phone. Mr. Avent admitted that two staff members, Mr. Smith and Mr. Jackson, were responsible for supervising the area of campus where the attack occurred but weren't doing their job when it happened.

36.     Mr. Avent further admitted to Bonnie a couple weeks later, on March 6th, that these two security guards should have used their walkie-talkies to alert other staff when they were moving out of their assigned positions on that day. He also told Bonnie that although there were video cameras installed in the area where the attack happened, they weren't operational on that day because OUSD had been in the process of changing video vendors. In fact, Mr. Avent said that the cameras had not been operational since October 2019.

37.     M.S. never returned to Montera after this attack. Bonnie immediately connected with OUSD staff to initiate a safety transfer to a different school for him, although he ultimately had to miss over three months of school due to his injuries.

38.     Bonnie accompanied M.S. to over 80 medical appointments and medical consultations during the six months following the attack. These included appointments with two psychologists, a psychiatrist, neurologist, trauma specialist, pediatrician, physical therapist, and an occupational therapist. Before he started at Montera, M.S. only had about a dozen medical and mental health appointments throughout an entire year.

39.     In addition to post-concussion syndrome, M.S. has been diagnosed with post-traumatic stress disorder (PTSD) and complex PTSD (meaning several incidents rather than a

single incident contributed to PTSD, intensifying the symptoms). Overall, M.S.'s symptoms got worse before they got any better. Some continued to worsen even six months after the attack. For example, since the attack, M.S. has been unable to consistently control his bladder during the day. He has fears that loved ones will turn on him and hurt him. He also has nightmares of being tortured or locked in places, and wakes up from sleep shaking, screaming, and panting.

40.    M.S. was again hospitalized on June 29-30, 2020 because he had hives and went into an anaphylactic shock, due in part to his chronic stress levels. M.S. has since been diagnosed with chronic hives stemming from stress.

**OUSD's Failure to Supervise and Deliberate Indifference Caused M.S. Severe Harm: Impact on M.S. and Saar**

41.    The three assaults described above were physically and emotionally traumatic for M.S. He continues to suffer from PTSD, a traumatic brain injury, and post-concussion symptoms. Among other physical and emotional injuries, he has language and speech difficulties he didn't have before. He now uses an assistive device that speaks for him when he cannot. He also has compromised vestibular balance, high anxiety, hypervigilance, panic attacks, and hallucinations.

42.    M.S.'s doctors believe that he has significantly regressed developmentally, psychologically, as well as in his learning capabilities. They believe he will struggle to learn at his pre-assault level moving forward.

43.    M.S. has been emotionally devastated. He feels depressed and has thought about suicide.  He feels more pessimistic than he ever did before, since he feels he's unable to change where his life is going. In October 2020, M.S. was hospitalized for having suicidal ideations.

44.    The assaults at Montera have also caused significant financial stress for Bonnie and M.S. After the February attack, Bonnie had to drop everything to become M.S.'s full-time caretaker. She ultimately lost her job after exhausting all the paid and unpaid leave she had. This meant losing her salary and health insurance among other benefits for her and M.S.

45.    M.S. continues to need Bonnie to accompany him to frequent medical

appointments. What's more, his PTSD will require a heightened level of care from Bonnie for the indefinite future. At this point, due to the flashbacks and panic attacks he's still having, it's uncertain when he will be able to attend classes outside of his home again. Similarly, because he won't feel safe attending any before- or after-school programs for a while, he'll need supervision from her whenever he's not in school.

46.    The assaults have also taken a heavy emotional toll on Bonnie. It has been devasting for her to watch her son suffer a traumatic brain injury, post-concussion symptoms, and sink into a depressive state where he has contemplated suicide. Throughout M.S.'s life, Bonnie has done everything within her power to help him succeed academically and as a person, given setbacks related to his autism and ADHD. She now feels as if much of the progress they've made together has been eroded due to the injuries he's suffered at Montera. She finds it difficult to sleep at night, since she's constantly worrying about his well-being.

## FIRST CAUSE OF ACTION

### Negligence

### Plaintiffs Saar and M.S. v. OUSD

47.    Plaintiffs re-allege the paragraphs above as if fully set forth herein.

48.    OUSD had a duty to M.S. to exercise reasonable care to prevent harm to him while he was at school.

49.    OUSD also had a special relationship with Saar as M.S.'s parent, meaning OUSD owed a duty to Saar to adequately supervise M.S. while he was at school and to take reasonable steps to protect him from harm that was reasonably foreseeable.

50.    OUSD failed to exercise reasonable care in protecting M.S. from harm while he was in school custody, which violated OUSD's duty of care to both M.S. and Saar.

51.    As a proximate result of OUSD's negligence, Plaintiffs incurred damages as alleged herein.

52.    Plaintiffs seek relief as set forth below in their prayer for relief.

//

//

**SECOND CAUSE OF ACTION**

**Negligent Supervision**

**Plaintiffs Saar and M.S. v. OUSD**

53.   Plaintiffs re-allege the paragraphs above as if fully set forth herein.

54.   OUSD owed a duty to Saar and M.S. to take all reasonable steps to protect M.S. as one of its students while M.S. was on school grounds.

55.   OUSD's duty included supervising all students on school property so as to prevent aggressive behavior exposing students and their peers to physical harm.

56.   OUSD knew or should have known that M.S. was vulnerable to harassment and aggressive behavior given previously reported incidents and the fact that M.S. was a special education student.

57.   OUSD breached its duty to supervise M.S. and students interacting with M.S., including by negligently supervising Montera personnel whose job it was to monitor and supervise security on campus.

58.   OUSD's breach of its duty proximately caused injuries to Plaintiffs that were reasonably foreseeable in light of all the circumstances.

59.   Plaintiffs seek relief as set forth below in his prayer for relief.

**THIRD CAUSE OF ACTION**

**Violation of the Americans with Disabilities Act**

**Plaintiff M.S. v. OUSD**

60.   Plaintiff M.S. re-alleges the paragraphs above as if fully set forth herein.

61.   Title II of the Americans with Disabilities Act of 1990 entitled M.S. to the protections of the "Public Services" provision. Title II prohibits discrimination by any "public entity," including any local or state government, as defined by 42 U.S.C.A. § 12131, Section 201 of the ADA.

62.   Pursuant to Section 202 of Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any

9

COMPLAINT

such entity." 42 U.S.C.A. § 12132.

63.   M.S. was, at all times relevant herein, a qualified individual with a disability as therein defined.

64.   OUSD failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

65.   OUSD was aware of the unreasonable risk that M.S. would be harassed and assaulted by other students based on OUSD's knowledge of the August 2019 incident, the December 2019 incident, and M.S.'s other reported incidents of harassment, but acted with deliberate indifference and exposed M.S. to that risk by failing to adequately supervise M.S. and other students on campus.

66.   OUSD's failure to take reasonable steps to ensure M.S.'s safety on campus created a hostile educational environment based on M.S.'s disability.

67.   As a result of OUSD's deliberate indifference, M.S. was excluded from participation in or otherwise discriminated against with regard to services, programs, or activities provided by a public entity by reason of his disability.

68.   As a result of OUSD's failure to comply with its duty under Title II, M.S. has suffered damages including general and special damages according to proof.

69.   M.S. seeks relief as set forth below in his prayer for relief.

## FOURTH CAUSE OF ACTION

### Violation of § 504 of the Rehabilitation Act of 1973

### Plaintiff M.S. v. OUSD

70.   Plaintiff M.S. re-alleges the paragraphs above as if fully set forth herein.

71.   M.S. alleges that OUSD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

72.    By its actions or inactions in denying equal access to educational services and by subjecting M.S. to a hostile educational environment, OUSD has violated M.S.'s rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder.

73.    OUSD was aware of the unreasonable risk that M.S. would be harassed and assaulted by other students based on OUSD's knowledge of the August 2019 incident, the December 2019 incident, and M.S.'s other reported incidents of harassment, but acted with deliberate indifference and exposed M.S. to that risk by failing to adequately supervise M.S. and other students on campus.

74.    As a result of OUSD's deliberate indifference, M.S. was excluded from participation in or otherwise discriminated against with regard to services, programs, or activities provided by a public entity by reason of his disability, and has suffered damages including general and special damages according to proof.

75.    M.S. seeks relief as set forth below in his prayer for relief.

## FIFTH CAUSE OF ACTION

### Violation of California Education Code Section 220

### Plaintiff M.S. v. OUSD

76.    Plaintiff M.S. re-alleges the paragraphs above as if fully set forth herein.

77.    Section 220 of the Education Code provides: "[n]o person shall be subjected to discrimination on the basis of disability . . . in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

78.    A plaintiff may maintain an action for monetary damages against a school district when the plaintiff alleges that he suffered severe, pervasive conduct that effectively deprived him of the right of equal access to educational benefits and opportunities; the school had actual knowledge of the conduct; and the school responded with deliberate indifference. See, e.g., Donovan v. Poway Unified School Dist., 167 Cal.App.4th 567, 603-09 (2008).

79.    M.S. experienced harassment and assaults on Montera's campus that effectively

1  deprived him of the right of equal educational benefits and opportunities.

2  80.   OUSD had knowledge of the harassment and assaults M.S. was experiencing but

3  showed deliberate indifference when it did nothing to protect him against it.

4  81.   Plaintiffs exhausted their administrative remedies. Plaintiffs filed a complaint

5  with OUSD, which was denied on July 13, 2020. Plaintiffs then filed an appeal with the State

6  Department of Education on September 3, 2020.

7  82.   M.S. seeks relief as set forth below in his prayer for relief.

8  <u>**SIXTH CAUSE OF ACTION**</u>

9  **Violation of the Unruh Civil Rights Act, Civil Code Section 51, *et seq.***

10  **Plaintiff M.S. v. OUSD**

11  83.   Plaintiff M.S. re-alleges the paragraphs above as if fully set forth herein.

12  84.   The Unruh Civil Rights Act provides that "All persons within the jurisdiction of

13  this state are free and equal, and no matter what their . . . disability . . . are entitled to the full

14  and equal accommodations, advantages, facilities, privileges, or services in all business

15  establishments of every kind whatsoever." Cal. Civ. Code § 51.

16  85.   The Unruh Civil Rights Act further provides that, "Whoever denies, aids or

17  incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or

18  51.6, is liable for each and every offense." Cal. Civ. Code § 52

19  86.   OUSD qualifies as a "business establishment" under The Unruh Civil Rights Act.

20  87.   OUSD denied M.S. full and equal advantages, privileges, and services because of

21  his disability. OUSD was aware of discrimination against M.S., but took no action to prevent

22  it, which constitutes willful and affirmative misconduct.

23  88.   As a proximate result of OUSD's negligent supervision of its students, M.S.

24  incurred damages as alleged herein.

25  89.   M.S. seeks relief as set forth below in his prayer for relief.

26  //

27  //

28  //

**SEVENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**Plaintiffs Saar and M.S. v. OUSD**

90.    Plaintiffs re-allege the paragraphs above as if fully set forth herein.

91.    In having knowledge of the harassment and assaults that M.S. was experiencing at school but showing deliberate indifference towards it and failing to take reasonable measures to protect him while he was at school, OUSD engaged in extreme and outrageous conduct beyond the bounds tolerated in a decent society.

92.    OUSD acted with the intent to cause Plaintiffs extreme emotional distress, or at a minimum, acted with a reckless disregard as to whether such actions would cause such extreme emotional distress.

93.    As a proximate result of OUSD's conduct, Plaintiffs have suffered severe and extreme emotional distress and damages as alleged herein.

94.    Plaintiffs seek relief as set forth below in their prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter a judgment awarding the following relief:

a.  Compensatory damages to Plaintiffs for pain, suffering, injuries, emotional distress, and medical expenses;

b.  Attorney's fees and costs;

c.  For prejudgment interest and post-judgment interest as allowed by law; and

d.  For such other and further relief, in law or equity, as the Court may deem appropriate and just.

**JURY DEMAND**

Plaintiffs demand a trial by jury for all issues so triable under the law.

Dated:  December 22, 2020          **GIBBS LAW GROUP LLP**

By: _____

Michael L. Schrag

13

Steven M. Tindall
Linda Lam
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

*Attorneys for Plaintiffs*

COMPLAINT

# EXHIBIT C

COPY

CIV-010

| | |
|---|---|
| **ATTORNEY** (Name, State Bar number, and address):<br>Michael Schrag of Gibbs Law Group LLP (SBN 185832)<br>505 14th Street, Suite 1110<br>Oakland, CA 94612<br><br>TELEPHONE NO.: 510-350-9722   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): mls@classlawgroup.com<br>ATTORNEY FOR (Name): Bonnie Saar and M.S., a minor | FOR COURT USE ONLY<br><br>**FILED**<br>ALAMEDA COUNTY<br><br>JAN 2 6 2021<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |

FILE BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Civil, Unlimited Jurisdiction

PLAINTIFF/PETITIONER: Bonnie Saar and M.S., a minor

DEFENDANT/RESPONDENT: Oakland Unified School District

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>**RG20084610** |
|---|---|

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant (name): Bonnie Saar is
   a. ☒ the parent of (name): M████ S████
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☒ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Bonnie Saar
   ████████████

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   M████ S████
   ████████████

4. The person to be represented is:
   a. ☒ a minor (date of birth). 6/11/████
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
   M████ S████ alleges that OUSD is liable under the following causes of action for its conduct in causing him damages:

   Negligence, Negligent Supervision, Violation of the Americans with Disabilities Act, Violation of § 504 of the Rehabilitation Act of 1973, Violation of California Education Code Section 220, Violation of the Unruh Civil Rights Act, Civil Code Section 51, Intentional Infliction of Emotional Distress.

   ☐ Continued on Attachment 5a.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | **APPLICATION AND ORDER FOR APPOINTMENT**<br>**OF GUARDIAN AD LITEM—CIVIL** | Page 1 of 2<br>Code of Civil Procedure<br>§ 372 et seq. |

CIV-010

| PLAINTIFF/PETITIONER:  Bonnie Saar and M.S., a minor | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT.  Oakland Unified School District | |

5.  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person

   c ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d ☐ the appointment of a guardian ad litem is necessary for the following reasons *(specify)*:

      ☐ Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:

   a.  ☒ related *(state relationship)*: Mother

   b. ☐ not related *(specify capacity)*:

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed)*:

      ☐ Continued on Attachment 7.

Michael Schrag
_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 22, 2020

Bonnie Saar
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: December 22, 2020

Bonnie Saar
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)*: Bonnie Saar
is hereby appointed as the guardian ad litem for *(name)*: M███ S███
for the reasons set forth in item 5 of the application

Date: 1/26/21

_____
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

# EXHIBIT D

**POS-015**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 185832<br>NAME: Michael Schrag<br>F RM NAME: Gibbs Law Group LLP<br>STREET ADDRESS: 505 14th Street, Suite 1110<br>CITY: Oakland    STATE: CA    ZIP CODE: 94612<br>TELEPHONE NO.: 510-350-9722    FAX NO.: 510-350-9701<br>E-MAIL ADDRESS: mls@classlawgroup.com<br>ATTORNEY FOR (Name): Bonnie Saar and M.S., a minor and through his guardian ad litem | | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Civil, Unlimited |

| |
|---|
| Plaintiff/Petitioner: Bonnie Saar and M.S., a minor<br>Defendant/Respondent: Oakland Unified School District |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RG20084610 |

TO *(insert name of party being served):* Oakland Unified School District

| NOTICE |
|---|
| The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.<br><br>If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below. |

Date of mailing: February 8, 2021

Michael Schrag
(TYPE OR PR NT NAME)

► (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1.  ☒ A copy of the summons and of the complaint.
2.  ☒ Other *(specify):*

Civil cover sheet, notice of case management conference, case management statement form, ADR information packet, signed application for guardian ad litem

*(To be completed by recipient):*

Date this form is signed: 2/8/2021

David R. Mishook
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

► (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |

**COPY**

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

FEB 01 2021

CLERK OF THE SUPERIOR COURT
By _____ NICOLE HALL
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Oakland Unified School District

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Bonnie Saar and M.S., a minor and through his guardian ad litem Bonnie Saar

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER: *(Número del Caso):*
RG20084610

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Schrag of Gibbs Law Group LLP; 505 14th Street, Suite 1110, Oakland, CA 94612; 510-350-9722

DATE: FEB 01 2021  CHAD FINKE  EXECUTIVE OFFICER/CLERK  Clerk, by NICOLE HALL , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

FEB 1 REC'D

CM-010

**FILE BY FAX**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Schrag of Gibbs Law Group LLP (SBN 185832)<br>505 14th Street, Suite 1110<br>Oakland, CA 94612 | |

TELEPHONE NO.: 510-350-9722   FAX NO. *(Optional):*

ATTORNEY FOR *(Name):* Bonnie Saar and M.S., a minor

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Civil, Unlimited

CASE NAME:
Bonnie Saar and M.S., a minor and through his guardian ad litem v. Oakland Unified School District

*FOR COURT USE ONLY*

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 3 2020

CLERK OF THE SUPERIOR COURT
By _____ Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG20084610<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 22, 2020
Michael Schrag
_____
(TYPE OR PRINT NAME)    ►    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

DEC 2 3 REC'D

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Saar v. Oakland Unified School District | Case Number: |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[  ] Hayward Hall of Justice  (447)

[x] Oakland, Rene C. Davidson Alameda County Courthouse  (446)     [  ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case?  [ ] yes  [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [x] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial     Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential     of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs     [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

### *Superior Court of California, County of Alameda*



### *Notice of Assignment of Judge for All Purposes*

Case Number: RG20084610
Case Title:     Saar VS Oakland Unified School District
Date of Filing: 12/23/2020


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Jeffrey Brand** |
| **Department:** | **22** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6938** |
| **Fax Number:** | **(510) 267-1574** |
| **Email Address:** | **Dept22@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."


IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Jeffrey Brand
DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's website also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1)  Counsel are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar (www.acbanet.org, "About the ACBA," "Forms Library.") (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause shown. Non-emergency scheduling conflicts is not good cause. (3) A courtesy copy of any paper filed, lodged or otherwise submitted in connection with any motion or application must be delivered to Department 22 at the above address by mail, overnight delivery, or to the courtesy copy box outside the courtroom promptly after filing or submission(see Local Rule 3.30(c)). (4) All references to "counsel" in this order apply equally to self-represented parties, who should know that there is a Self-Help Center at Hayward Hall of Justice, 24405 Amador Street, 1st Floor, Dept.501. (5) Email communication to the department is preferred, but email is NOT a substitute for filing of pleadings/documents.

## Schedule for Department 22

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.  Contacts with Dept. 22 should be by e-mail with copies to all counsel after conferring about proposed dates.

- Trials generally are held:  Mondays through Thursdays, 8:30 a.m. to 1:30 p.m. with two breaks and Fridays, 8:30 a.m. to noon with one break. A pretrial conference is generally scheduled 3 weeks before trial at 8:30 a.m. or 2:00 p.m. on a Friday. Personal appearance required.

- Case Management Conferences are held:  Mondays through Thursdays at 3:00 p.m.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 3:00 p.m. (maximum 5 each). Email Dept. 22 to obtain a reservation. Limited hearings are available for summary judgments, preliminary injunctions and other time intensive motions.

- Settlement Conferences are heard:  Court resources are limited.  Counsel encouraged to consider alternative dispute resolution options.  Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  Applications are considered only on moving papers and any written response.  Email Dept. 22 to advise when papers will be filed and give notice to other side and advise same that written opposition must be filed in 24 hours.

<u>Law and Motion Procedures</u>

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept.22@alameda.courts.ca.gov


- Ex Parte Matters
    Email:        Dept.22@alameda.courts.ca.gov


<u>Tentative Rulings</u>

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 22
- Phone:  1-866-223-2244

Dated:  01/07/2021

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on

the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/08/2021

By _____
                                    Deputy Clerk