UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SAAR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OAKLAND UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | Case No. 21-cv-01690-KAW <br><br> **ORDER GRANTING MOTION FOR APPROVAL OF MINOR'S SETTLEMENT** <br><br> Re: Dkt. No. 33 |

Plaintiffs Bonnie Saar ("Saar") and M.S. filed the instant suit, alleging that Defendant Oakland Unified School District failed to supervise Plaintiff M.S.'s safety on campus. (Compl. ¶ 1, Dkt. No. 1-1.) Pending before the Court is Plaintiffs' motion to approve a minor's settlement. (Pls.' Mot. to Approve, Dkt. No. 33.) No oppositions were filed.

The Court deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 34.) Having considered the filings and relevant legal authority, the Court GRANTS the motion to approve.

## I. BACKGROUND

Plaintiff M.S. has been diagnosed with several disorders that affect his executive functioning and ability to socialize with his peers. (Compl. ¶¶ 1, 10.) In February 2019, Plaintiff M.S. enrolled at Montera Middle School as a sixth grader. (Compl. ¶ 13.) Plaintiffs allege that Plaintiff M.S. was bullied for his disabilities, and that Montera staff were generally negligent with respect to his care. (Compl. ¶¶ 17, 18, 20.) Thus, Plaintiffs allege that Defendant is liable for injuries M.S. suffered from peer harassment, including a violent assault in February 2020 where he was beaten until he fell unconscious. (Compl. ¶¶ 29-30.) Such injuries include post-traumatic stress disorder ("PTSD"), fear of his loved ones hurting him, chronic hives stemming from stress,

severe nightmares, and suicidal ideations. (Compl. ¶¶ 39-40.)

Plaintiffs then filed the instant case against Defendant, asserting claims for negligence, negligent supervision, violation of the Americans with Disabilities Act, violations of the Rehabilitation Act, violation of California Education Code § 220, violation of the Unruh Civil Rights Act, and intentional infliction of emotional distress ("IIED"). On March 17, 2021, Defendant filed a motion to dismiss all claims except for Plaintiff M.S.'s negligence claim. (Dkt. No. 6.) On May 24, 2021, the Court granted the motion to dismiss as to the IIED claim and the negligent supervision claim, to the extent the latter was based on negligent supervision of employees. (Dkt. No. 22 at 12-13.)

After conducting substantial written and document discovery, the parties reached a settlement during a settlement conference with Judge Ryu on October 18, 2021. (Lam Decl. ¶ 7, Dkt. No. 33.) The settlement was approved by Defendant's two boards on November 17, 2021 and December 2, 2021. (Lam Decl. ¶ 7.)

Pursuant to the settlement, Defendant has agreed to pay Plaintiffs $425,000, with $42,500 going to Plaintiff Saar and $382,500 (90%) going to Plaintiff M.S. (Lam Decl. ¶ 12.) Plaintiff M.S.'s portion includes $95,625 in attorney's fees and $4,477.50 in costs, for a net recovery of $282,398. (Lam Decl. ¶¶ 13-15.) $20,000 of Plaintiff M.S.'s net recovery will be placed in a Special Needs Trust to pay for his special needs due to his disability and long-term injuries sustained as a result of the conduct at issue. (Lam Decl. ¶ 17, 20.) $121,199 of Plaintiff M.S.'s net recovery will be put in a structured annuity, which will make monthly payments to the Special Needs Trust of $1,168.70 starting on Plaintiff M.S.'s 18th birthday. (Lam Decl. ¶ 24.) Payments are guaranteed for ten years and will be used to help cover Plaintiff M.S.'s living expenses and medical costs as it is unlikely Plaintiff M.S. will be able to financially support himself without assistance. (Lam Decl. ¶¶ 24-25.) Finally, $141,199 will be held by Plaintiff's counsel to resolve a Medi-Cal lien on medical expenses incurred by Plaintiff M.S. resulting from the conduct at issue. (Lam Decl. ¶ 26.) After the Medi-Cal lien is resolved, the remaining balance will be paid to the Special Needs Trust. (Lam Decl. ¶ 27.)

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "[T]his special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (internal quotation omitted). Thus, the district court considers whether the settlement, including any net recovery, "is fair and reasonable as to each minor plaintiff." *Id.* at 1182.

## III. DISCUSSION

The Court finds that the proposed settlement is fair and reasonable. The net recovery to Plaintiff is substantial, and the portion that does not go to the Medi-Cal lien will go to a Special Needs Trust to support Plaintiff M.S. These funds will go to covering costs that Medi-Cal will not cover, such as costs of a caretaker and extracurricular activities that will help Plaintiff M.S. heal from past events and improve his enjoyment of life. (Lam Decl. ¶ 31.) The Special Needs Trust, in turn, complies with Probate Code § 3604(b), as Plaintiff M.S. has a disability that is so severe that he likely will be unable to live independently and will require ongoing support and assistance. (Lam Decl. ¶ 18.) These special needs are unlikely to be met without the Special Needs Trust, as Plaintiff M.S. will be ineligible for public assistance programs. (Lam Decl. ¶ 19.) Further, the amount to be paid to the Special Needs Trust does not exceed the amount that appears reasonably necessary to meet Plaintiff M.S.'s special needs given his disability and long-term injuries. (Lam Decl. ¶ 20.) The Special Needs Trust also contains the required statutory language of Probate Code § 3604, as well as California Rule of Court 7.903. (Lam Decl. ¶ 22.)

There is also a significant risk regarding liability as Plaintiff M.S. will likely be unable to testify in this case. (Lam Decl. ¶ 32.) Plaintiff M.S. is currently in a residential mental healthcare facility, recovering from a suicide attempt. (Lam Decl. ¶ 31.) Because of his ongoing recovery from the suicide attempt and PTSD, Plaintiff M.S. is unlikely to be able to testify. (Lam Decl. ¶ 32.) Defendant has argued that without Plaintiff M.S.'s testimony, Plaintiffs cannot prove Defendant's knowledge of previous incidents of disability-based bullying. (Lam Decl. ¶ 32.) Thus, Plaintiff M.S.'s inability to testify posed a significant risk to his case.

Finally, the settlement exceeds recovery in similar cases. *See J.R. v. Lakeport Unified Sch. Dist.*, Case No. 18-cv-6211-WHA, 2019 WL 6219034 (N.D. Cal. Nov. 21, 2019) (approving minor's settlement of $100,000 where two minors were subjected to sexual assault by a bully); *T.G. v. Mariposa Cty. Unified Sch. Dist.*, Case No. 19-cv-1201-NONE-EPG, 2020 WL 2614611 (E.D. Cal. May 22, 2020) (approving minor's settlement of approximately $80,000 where minor was subjected to race-based bullying, resulting in physical and psychological harm).

Thus, considering the amount of net recovery, the risks as to liability, and comparable cases, the Court concludes that the settlement reflects a fair and reasonable compromise intended for Plaintiff M.S.'s benefit. Accordingly, the Court approves the settlement.

## IV.  CONCLUSION

The Court GRANTS the motion to approve Plaintiff M.S.'s settlement as follows:

(1) The gross settlement amount on behalf of Plaintiff M.S. is $382,500;

(2) The award of attorney's fees is $95,625;

(3) The award of attorney's costs is $4,477;

(4) The Special Needs Trust for Plaintiff M.S. (as described in the Trust Agreement attached to Plaintiff's motion as Exhibit B) is approved, the venue for ongoing oversight of the Special Needs Trust shall be by the Alameda County Superior Court, and the Trustee of the Special Needs Trust shall file an account and report with that court in the manner and frequency required by the California Probate Code;

(5) $20,000 shall be allocated to the Special Needs Trust at this time;

(6) Defendant shall purchase an annuity for Plaintiff M.S.'s benefit through MetLife Assignment Company, Inc. in the amount of $121,199, with payments structured as described in the settlement agreement; and

(7) Plaintiffs' counsel shall hold 50% of Plaintiff M.S.'s net recovery ($141,199) in its Client Trust Account pending resolution of the Medi-Cal lien. Plaintiffs' counsel shall use this money to pay Medi-Cal's lien. Any remaining money from this amount will be added to the Special Needs Trust. Plaintiffs shall provide Defendant with an accounting of these funds once they are used to resolve the lien and/or are deposited

4

into the Special Needs Trust.

IT IS SO ORDERED.

Dated: January 27, 2022

_____
KANDIS A. WESTMORE
United States Magistrate Judge

5